UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 03-4711

WILLIAM JAMES BURR, JR.,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-03-57)

Submitted: December 10, 2003

Decided: February 26, 2004

Before LUTTIG, MICHAEL, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

William James Burr, Jr., pled guilty to possession of child pornography, 18 U.S.C.A. § 2252A(a)(5)(B), (b)(2) (West Supp. 2003), and was sentenced to a term of twenty-four months imprisonment. On appeal, Burr challenges the district court's decision to enhance his sentence on the ground that his possession of child pornography resulted from use of a computer. *U.S. Sentencing Guidelines Manual* § 2G2.4(b)(3) (2002). We affirm.

Using the library at a community college, Burr visited an internet news group where a United States Postal Inspector had posted an advertisement for a video containing child pornography. After making several inquiries and receiving responses from the postal inspector by email, Burr ordered a video. As directed, Burr mailed $40 to the address he had been given and emailed the postal inspector that he had sent his payment. When the video was delivered, Burr accepted the package and was subsequently arrested. He pled guilty to possession of child pornography that had been mailed in interstate commerce.

At his sentencing, Burr contested a two-level enhancement recommended by the probation officer for possession of child pornography resulting from use of a computer, USSG § 2G2.4(b)(3). Burr took the position that the enhancement for possession resulting from use of a computer should not apply because he received the video through the mail. He argued that § 2G2.4(b)(3) is ambiguous and should be read narrowly as applicable only when the defendant acquired the child pornography by downloading it from the internet, thus using a computer to acquire the material in the most direct way. The district court decided that no ambiguity existed and that the enhancement applied.

The district court's legal interpretation of a guideline is reviewed de novo. *United States v. Souther*, 221 F.3d 626, 628 (4th Cir. 2000). Burr argues that § 2G2.4(b)(3) could be read broadly "to mean a defendant's use of a computer, at some point, no matter how remote and no matter how isolated, to come into possession of prohibited material," but urges a more narrow interpretation that would limit the

enhancement to cases in which there is "actual employment [by the defendant] of a computer to acquire through and/or onto such machine, the prohibited material." Burr asserts that Congress directed the Sentencing Commission to enact this enhancement to punish only persons who download child pornography from the internet, citing a House Report that discusses trafficking in child pornography.* H.R. Rep. No. 104-90, at 3-4, *reprinted in* 1995 U.S.C.C.A.N. 759, 760-61.

Burr's argument is unpersuasive. As the district court found, the language of the guideline is not ambiguous. The phrase "resulted from [his] use of a computer," does not limit the defendant's use of a computer to the downloading of images to his own computer in his own home, as Burr argues, but clearly permits a wider range of activity involving the use of a computer in the acquisition of child pornography. Burr's interpretation would read into the language of the guideline a limitation that the Sentencing Commission did not include. Thus, the district court correctly determined that the guideline was not ambiguous.

Because the enhancement is not ambiguous, this court need not resort to rules of statutory construction. *See Carbon Fuel Co. v. USX Corp.*, 100 F.3d 1124, 1133 (4th Cir. 1996) ("Under the most basic canon of statutory construction, we begin interpreting a statute by examining the literal and plain language of the statute."); *United States v. Irvin*, 2 F.3d 72, 76 (4th Cir. 1993) (absent ambiguity, this court should not look beyond a statute's plain language). Based on the plain language of § 2G2.4(b)(3), the district court did not err in making the enhancement.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*The report hardly supports Burr's argument; it notes that computer-assisted dissemination of advertisements for child pornography allow purveyors of child pornography to easily reach a wide audience. Burr responded to just such an advertisement.